**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CCR WELLNESS INVESTMENTS, LLC, d/b/a MASSAGE ENVY,**<br><br>**Defendant.** | **CIVIL ACTION NO. 3:14-CV-00340**<br><br>**COMPLAINT**<br><br>**<u>JURY TRIAL DEMAND</u>** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Morgan P. McCloskey ("McCloskey") who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that Defendant, CCR Wellness Investments, LLC, d/b/a Massage Envy ("Defendant"), discharged McCloskey based on her sex, female (pregnancy).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina limited liability company doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, McCloskey filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 12, 2013, Defendant engaged in unlawful employment practices at its Charlotte, North Carolina facility in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), when it discharged McCloskey based on her sex (pregnancy), as more fully set forth below.

8. In or around April 2013, Defendant hired McCloskey as a Front Desk Associate at its University area facility located at 2008 E. Arbors Drive Suite 310 Charlotte, North Carolina 28262 (the "University location"). McCloskey was hired by Defendant's General Manager/

Clinic Manager ("Clinic Manager"), and scheduled to begin work on April 8, 2013. At the time of her hire, McCloskey did not know she was pregnant.

9. On or about April 3, 2013, McCloskey discovered she was pregnant through the administration of an in-home pregnancy test.

10. On her first day of work, April 8, 2013, McCloskey informed Defendant's Assistant Clinic Administrator for the University location, that she was pregnant. At that time, McCloskey also told the Assistant Clinic Administrator that she had scheduled a doctor's appointment for the morning of April 12, 2013, to confirm her pregnancy. McCloskey also requested she be scheduled to work afternoons and evenings because she was experiencing symptoms of morning sickness. In response, the Assistant Clinic Administrator informed McCloskey she could work in the afternoons and/or evenings because, at that time, Defendant was short staffed on all shifts. Thereafter, Defendant scheduled McCloskey to work afternoons and/or evenings the week of April 8, 2013.

11. On or about the morning of April 12, 2013, McCloskey attended her doctor's appointment, at which time it was confirmed that she was pregnant. McCloskey went to work later that day, per her schedule. Sometime after McCloskey began work that day, April 12, 2013, McCloskey was called into a meeting with Defendant's Clinic Manager and Assistant Clinic Administrator. In the meeting, the Clinic Manager told McCloskey there were no more hours available for McCloskey to work and terminated her employment. The Clinic Manager then told McCloskey that pregnant women should not be working. Thereafter, McCloskey was removed from the work schedule, and Defendant terminated McCloskey because of her sex (female), specifically because she was pregnant.

12. At all times relevant, McCloskey performed her job duties at a level that met Defendant's legitimate expectations. McCloskey received no warnings and/or disciplinary actions from Defendant regarding her job performance. After McCloskey's removal from the schedule, and termination, Defendant continued to hire for her position. The effect of the practices complained of above has been to deprive McCloskey of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female (pregnancy).

13. The unlawful employment practices complained of above were intentional. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of McCloskey.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make McCloskey whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of McCloskey or front pay in lieu thereof, and lost and/or reduced employee benefits.

D. Order Defendant to make McCloskey whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to make McCloskey whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F. Order Defendant to pay McCloskey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 23rd day of June, 2014.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE

Washington, D.C. 20507

**s/Lynette A. Barnes________**
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

RANDALL D. HUGGINS (OK Bar No. 17875)
Supervisory Trial Attorney

**s/Yolanda W. Brock__________**
YOLANDA W. BROCK (N.C. Bar No. 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6463
Fax: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**