# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) **Plaintiff,** ) ) ) **v.** ) ) ) CCR WELLNESS INVESTMENTS, LLC,) d/b/a MASSAGE ENVY, ) ) **Defendant.** ) _____) | CASE NO. 3:14-cv-00340-GCM  **ORDER** |

**THIS MATTER** is before the Court on Plaintiff EEOC's Motion for Protective Order (Doc. No. 10), Motion for Entry of a Protective Order (Doc. No. 14) and Motion to Compel (Doc. No. 16), as well as the attendant responses and replies filed by the parties. The EEOC seeks respective orders from this Court (1) requiring that the deposition of Megan McCloskey take place no earlier than one (1) week after Defendant has fully responded to the EEOC's first set of interrogatories and requests for production; (2) for the entry of a protective order governing discovery materials; and (3) compelling responses to the EEOC's interrogatories and requests for production. On April 29, 2015, the EEOC notified the Court that some of the matters contained in these motions has been resolved. (Doc. No. 22). The Court has carefully considered these filings and now finds as follows.

1. **Motion for Protective Order (Doc. No. 10)**

The EEOC argues that it cannot properly prepare for a deposition of Ms. McCloskey, whose discharge is the subject of this action, without adequate responses to its interrogatories

1

and requests for production. Having reviewed the filings on this matter, the Court agrees and finds that good cause exists for a protective order pursuant to FRCP 26(c). The deposition of Ms. McCloskey shall not take place earlier than one (1) week after Defendant has fully responded to the EEOC's first set of interrogatories and requests for production, or as otherwise agreed to by the parties.

2. **Motion to Compel (Doc. No. 16)**

The EEOC's motion seeks to compel the production of a range of information and materials; however, Defendant's response only takes issue with two categories of information. Because it appears that the parties are at an impasse on these two issues, the Court will now rule on them.

Defendant CCR first contends that it should not have to fully respond to Interrogatory No. 4 and Requests for Production 12 and 31 because those items concern the financial status of CCR, which is irrelevant to this dispute. The EEOC responds that this information is relevant as it relates to its claim for punitive damages, and that other courts have so found. *See, e.g.*, *EEOC v. Envtl. & Demolition Servs., Inc.*, 246 F.R.D. 247, 249-50 (D. Md. 2007). The Court agrees. Defendant's contention that this information is not likely to be particularly helpful due to the statutory cap on damages for a company of its size is well-taken; however, at this early stage in the litigation, the Court cannot find that this information is irrelevant. As such, Defendant will be required to produce it.

CCR also objects to Interrogatories 12, 13, and 14, as well as Requests for Production 11 and 32. Those items broadly seek information and documentation which support affirmative defenses raised in Defendant's Answer. CCR contends that these inquiries seek counsel's strategy and mental impressions, and are thus not discoverable. To the extent that Defendant

believes responsive documents or other information are privileged or otherwise protected, it may object on that basis and submit a privilege log as contemplated in FRCP 26. Otherwise, the Court finds that this information is relevant to this dispute and CCR will be required to produce it.

### 3. Motion for Entry of Protective Order (Doc. No. 14) and remaining issues

It appears to the Court that the parties have not reached an impasse on the remainder of the issues presented by the EEOC's motion to compel and motion for entry of a protective order. As such, the parties are directed to meet and confer within the seven (7) days of the date of this order in an attempt to resolve these matters amicably. Within fourteen (14) days of the date of this order, the parties are directed to notify the Court of their progress on these remaining issues. If the parties remain at an impasse, they may request a hearing at that time.

The Court also reminds the parties that the Federal Rules of Civil Procedure envision the parties managing the discovery process. Disputes about routine discovery issues—such as the timing of a deposition or the content of a joint protective order—should not require Court intervention. Going forward, the Court expects the parties to work cooperatively on these issues,[1] and to employ motions as a last resort.

**THEREFORE, IT IS ORDERED** as follows:

1. The EEOC's Motion for Protective Order (Doc. No. 10) is **GRANTED**. The deposition of Ms. McCloskey shall not take place earlier than one (1) week after Defendant has fully responded to the EEOC's first set of interrogatories and requests for production, or as otherwise agreed to by the parties.

---

[1] This includes allowing opposing parties sufficient time to respond to discovery requests, and to negotiate compromises to disputes. *See, e.g.*, Doc. No. 21 at 3 ("EEOC does not wish to proceed with the exchange of documents at the same leisurely pace that Defendant seeks . . ."). The Court does not view favorably the Commission's apparent efforts to unilaterally dictate the pace of discovery in this case, nor its efforts to increase its bargaining position by filing unnecessary motions.

2. The EEOC's Motion to Compel (Doc. No. 16) is **GRANTED in part**. Defendant is directed to respond to Interrogatories 4 and 12-14, as well as Requests for Production 11, 12, 31, and 32 as provided herein within ten (10) days of the entry of a protective order governing discovery materials in this case. Defendant's request for fees is **DENIED**.

3. The EEOC's Motion for Entry of a Protective Order (Doc. No. 14) is **HELD in abeyance.** The parties are directed to meet and confer within seven (7) days of the date of this order in an attempt to resolve the issues presented by this motion, as well as the remaining issues presented in the EEOC's Motion to Compel. Within fourteen (14) days of the date of this order, the parties are directed to notify the Court of their progress on these remaining issues.

**SO ORDERED.**

Signed: May 7, 2015

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge