IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>CCR WELLNESS INVESTMENTS, LLC,<br>d/b/a MASSAGE ENVY,<br><br>        Defendant. | CIVIL ACTION NO.<br>3:14-CV-00340-GCM |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that CCR Wellness Investments, LLC d/b/a Massage Envy violated Title VII by discharging Morgan P. McCloskey because of her sex, female (pregnancy). Defendant denies the allegations contained in the Complaint. Likewise, the EEOC does not disavow the allegations contained the Complaint. The Commission, and the Defendant, CCR Wellness Investments, LLC d/b/a Massage Envy (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any female by terminating her employment because of her pregnancy.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Morgan P. McCloskey the sum of seven thousand dollars ($7,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to "Morgan P. McCloskey." Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendant shall mail the check to Morgan P. McCloskey at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Morgan P. McCloskey.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Morgan P. McCloskey any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2013-01527 and the related events that occurred thereafter, including this

litigation, and any reference to termination for cause.  Defendant shall also remove from the employment records of Morgan P. McCloskey any reference to termination for cause and shall replace such language with "voluntary termination of employment."  Defendant shall also remove from the employment records of Morgan P. McCloskey any documents related to discipline purportedly taken against Ms. McCloskey for absenteeism.  Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

     5.     Within ninety (90) days of the entry of this decree by the Court, Defendant shall revise its written anti-discrimination policy at its University location to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on pregnancy; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.  Defendant shall keep its revised written anti-discrimination policy with the aforementioned terms in place throughout the term of the Consent Decree.  Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period at its University location.  Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees at its University location and review it with them at the time of hire.

     6.     During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees at its University location.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, specifically, its requirement that employers not terminate, discipline, or otherwise

make adverse personnel actions against an employee based on her pregnancy. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed at its University location within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. Beginning within seven (7) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice at its University location, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its University location. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all applicants or employees who have notified Defendant of their pregnancy or of whose pregnancy Defendant otherwise became aware, including by way of identification each person's name, address, telephone number, position, and social security number;

    B.    for each individual identified in 8.A. above, explain whether the

      individual's employment status has changed in any respect since the time Defendant became aware of her pregnancy (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

   C. for each individual whose employment status has changed as identified in 8.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity. This paragraph only applies to Defendant's University location.

 9. With three (3) business days notice via email to attorneys John Cole (jcole@nexsenpruet.com) and Jonathan Schulz (jschulz@nexsenpruet.com), the Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents. The Commission will not be required to give such prior notice before inspecting the University location to ensure compliance with the posting requirement in Paragraph 7 of this Consent Decree.

 10. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

 11. The term of this Decree shall be for two (2) years from its entry by the Court.

 12. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to Lynette A. Barnes, Regional Attorney, Equal Employment

Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

13. Each party shall bear its own costs and attorneys' fees.

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate; provided, however, that the Court shall retain jurisdiction only during the term of the Decree. Defendant shall disclose the terms of this Decree to any potential successor prior to sale, and the Decree shall be binding on any such successor.

**SO ORDERED.**

Signed: August 5, 2015

Graham C. Mullen
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


**s/Lynette A. Barnes**_____
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

YLDA MARISOL KOPKA
Supervisory Trial Attorney


**s/Yolanda W. Brock**_____
YOLANDA W. BROCK (N.C. Bar No. 36651)
Email: yolanda.brock@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 954-6463 (direct dial)
Facsimile: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**

**CCR WELLNESS INVESTMENTS, LLC
D/B/A MASSAGE ENVY, Defendant**

**s/John Cole**
JOHN COLE
NEXSEN PRUET, PLLC
227 W. Trade St. Ste. 1550
Charlotte, NC 28202
Telephone: (704) 338-8531
Facsimile: (704) 805-4730
jcole@nexsenpreuet.com

JONATHAN E. SCHULZ
NEXSEN PRUET, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 338-5372
Facsimile: (704) 805-4740
jschulz@nexsenpruet.com

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civil Action No. 3:14-cv-00340-GCM |
| Plaintiff, | ) ) | |
| v. | ) ) | **EMPLOYEE NOTICE** |
| CCR WELLNESS INVESTMENTS, LLC, d/b/a MASSAGE ENVY | ) ) ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant CCR Wellness Investments, LLC d/b/a Massage Envy ("Defendant") in a case alleging pregnancy discrimination.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2017.